**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  08a0156n.06
Filed:  March 19, 2008

**06-6400**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PAUL THOMAS McGOVNEY, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY and McKEAGUE, Circuit Judges; GWIN,[*] District Judge.

PER CURIAM.  The defendant, Paul Thomas McGovney, was convicted on the basis of his guilty pleas to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of receiving and disposing of a stolen firearm.  He was sentenced to the mandatory minimum term of 15 years under the provisions of the Armed Career Criminal Act (ACCA or the Act), 18 U.S.C. § 924(e), and now appeals the district court's sentencing order, contending: (1) that the government's failure to provide written notice of its intent to request a sentence under the Act violated the Fifth and Sixth Amendments as well as the ACCA itself; (2) that the sentencing judge's determination that

---

[*]The Hon. James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

McGovney's prior sentences qualified as "violent felonies" within the meaning of the Armed Career Criminal Act violated his Sixth Amendment right to a jury trial; and (3) that one of his burglary convictions did not qualify as a predicate offense under the Act.  We find no basis on which to overturn the sentence and affirm.

The first two issues raised on appeal require little analysis or discussion.  Formal notice is not required under the Armed Career Criminal Act.  See United States v. Mauldin, 109 F.3d 1159, 1162-1163 (6th Cir. 1997).  Moreover, the defendant in this case had actual notice almost two months prior to his sentencing hearing – at the very latest – in compliance with the requirements of procedural due process.  See  Oyler v. Boles, 368 U.S. 448, 452 (1962) ("[A] defendant must receive reasonable notice and an opportunity to be heard relative to [a] recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.").  Nor is he entitled to have a jury determine that his prior convictions qualify as "violent felonies" under the Act.  See James v. United States, 127 S.Ct. 1586, 1600 & n. 8 (2007), in which the Supreme Court rejected a Sixth Amendment challenge to an ACCA enhancement, calling the sentencing court's determination a matter of "statutory interpretation, not judicial factfinding."

In his third and final issue on appeal, McGovney challenges the district court's determination that his 1983 conviction for third-degree burglary under Kentucky Revised Statute § 511.040 qualified as a predicate felony under the ACCA.  See KY. REV. STAT. ANN. § 511.040 (1999).  Because there was no objection to the inclusion of this conviction

in the defendant's presentence report and only a non-specific objection to application of the Act at the sentencing hearing, we review the alleged defect in the sentence for plain error. See United States v. Murphy, 241 F.3d 447, 450 (6th Cir. 2001) (claim of error is subject to plain error review when the defendant "did not specifically object on the ground which he now attempts to argue on appeal"). Under that standard, the defendant can prevail only if there was error below that was plain and that affected the defendant's substantial rights and impugned the fairness, integrity, or public reputation of the judicial proceedings. United States v. Webb, 403 F.3d 373, 380 (6th Cir. 2005).

Our first step, therefore, is to determine whether the district court misinterpreted the Kentucky burglary statute, as McGovney contends. Under the ACCA, the recidivist enhancement applies to a defendant who has three or more prior convictions for violent felonies. 18 U.S.C. § 924(e). Burglary is considered a violent felony for purposes of the Act if it involves "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). Recognizing that the state statutory definitions of burglary vary, the Taylor decision provides that "where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary." Id. at 599. Here, McGovney argues that the 1983 conviction does not qualify because the offense as set out in the Kentucky statute is broader than the generic definition of burglary in Taylor.

Without question, the language of the Kentucky burglary statute is at variance with the generic definition of burglary in <u>Taylor</u>. Although the elements of the offense line up with the generic definition, the Kentucky statute differs in that it includes within its definition of "building" the following:

> "Building," in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft:
>
> (a) Where any person lives; or
>
> (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation.

KY. REV. STAT. ANN. § 511.010(1) (1999). Because the statute covers break-ins of vehicles, watercraft, and aircraft, the defendant contends that his conviction for entering a "building" cannot meet the <u>Taylor</u> test without further evidence. In this regard, he relies on the Supreme Court's instruction in <u>Shepard v. United States</u> that "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. 13, 26 (2005). Apparently, the only document produced in this case was an "offense report" mentioned in the presentencing report, which is not a qualifying document under <u>Shepard</u>.

The government argues in response that we should hold that the Kentucky statute is, in fact, generic under <u>Taylor</u> for purposes of the ACCA.  Yes, the Kentucky statute broadens the definition of "building" to include "vehicles, watercraft and aircraft" but, the government points out, they qualify as a "building" only if used as residences or places of assembly.   This argument has some appeal, viewed in terms of the Supreme Court's recent analysis in <u>James</u>:

> The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate.

127 S.Ct. at 1594.  Nevertheless, like the Ninth Circuit in <u>United States v. Grisel</u>, 488 F.3d 844 (9th Cir. 2007), in which the *en banc* court reviewed a similar Oregon burglary statutory to determine whether it could be considered "generic" for ACCA purposes, we are reluctant to read the Act's terminology too broadly.  As the majority noted in <u>Grisel</u>, "Although a vehicle or boat that has been adapted for accommodation may qualify as a building in certain circumstances, it does not do so categorically."  <u>Id.</u> at 851, n. 5.  Certainly, we cannot say, in the words of <u>Taylor</u>, that the state statute's definition of burglary has merely "minor variations in terminology" in comparison to the Supreme Court's definition of generic burglary in that case.  495 U.S. at 599.

A determination that, under the Kentucky statute, burglary does not qualify categorically as a crime of violence would not, however, end the inquiry.  We would still

need to consider whether the defendant's conviction qualifies under the modified categorical approach approved in Shepard. Although the record in this case does not contain written documentation to support a conclusion that McGovney's 1983 conviction involved a building that would qualify under Taylor's generic definition, the colloquy between the district judge and the defendant can be considered under Shepard. The transcript of the sentencing hearing shows that defense counsel conceded that his client's three prior burglary convictions "appear[ed] to meet the requirements under U.S. v. Taylor and U.S. v. Shepard," while at the same time indicating that he wished to "preserve the objection" to ACCA sentencing. In addressing the district judge, the defendant took the position that he did not "fit the category" of a career criminal, at the same time admitting on the record that the 1983 burglary for which he was convicted was committed "on Heck's Dry Cleaning," thereby corroborating the information in the presentence report. That information established that "officers . . . dispatched to Heck's Cleaners in reference to a possible burglary . . . observed that a window had been broken out of the building" and arrested the defendant, who was at the scene and was "identified by the witness as the perpetrator." In view of the defendant's admission, we conclude that a remand for the purpose of further substantiation is unnecessary.

Under the unique circumstances of this case, we hold that the district court's reliance on the presentence report to qualify the conviction in question as a violent felony under the ACCA was not plain error. Certainly, that reliance cannot be said to have affected the defendant's substantial rights or to have impugned the integrity of the

proceedings that resulted in the sentence imposed.  For this reason, we AFFIRM the

judgment of the district court.