NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0271n.06

Case No. 14-6215

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 14, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KERRY WALKER, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE: GILMAN, ROGERS, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. In 2012, federal agents caught Kerry Walker with ammunition and two empty gun cases. He pleaded guilty to a brace of federal firearms charges under 18 U.S.C. § 922(g). Those pleas lengthened his long criminal record, which already featured two convictions for second-degree burglary, two for third-degree burglary, and one for first-degree stalking—all from Kentucky. The district court sentenced him to 180 months of imprisonment, as the Armed Career Criminal Act required. *See* 18 U.S.C. § 924(e). Walker appeals, arguing that a third-degree burglary conviction is not a violent felony under the Act. He also challenges his sentence on constitutional grounds. We affirm.

Courts must sentence someone as an armed career criminal if he has previously been convicted of three or more violent felonies. *Id.* The Act's definition of "violent felony" expressly includes "burglary." *Id.* § 924(e)(2)(B)(ii). At least three of Walker's convictions qualify as "burglary" under the Act. He is therefore an armed career criminal.

Walker's two convictions for second-degree burglary under Ky. Rev. Stat. § 511.030 take us part of the way. That offense, we have repeatedly said, is equivalent to the crime of burglary enumerated in the Act, and Walker does not contest the point. *See United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013). Those convictions satisfy two thirds of the Act's three-conviction trigger.

Walker's 1984 conviction for third-degree burglary takes us the rest of the way. A person violates that Kentucky law when, "with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." Ky. Rev. Stat. § 511.040. The word "building," in addition to its "ordinary meaning," encompasses "any structure, vehicle, watercraft or aircraft" where people "live[]" or "assemble." *Id.* § 511.010. On its face, then, the statute seems broader than the Act's generic definition of burglary, which extends only to "building[s] or other structure[s]." *Taylor v. United States*, 495 U.S. 575, 598–99 (1990).

Yet in applying the Act to a statute with "divisible" elements, like this one, we may "consult a limited class of documents" to determine which alternative element "formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). We then may "compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.* Unfortunately for Walker, Kentucky charged him with "unlawfully enter[ing] or remain[ing] *in a dwelling* . . . with the intent to commit a crime." R. 37-1 at 1 (indictment); *see* R. 37-3 at 21 (plea colloquy). Those

elements match the elements of the generic offense, *see United States v. McGovney*, 270 F. App'x 386, 388–89 (6th Cir. 2008), and those elements establish that the district court properly sentenced Walker as an armed career criminal.

None of Walker's rejoinders alters this conclusion. Walker argues that Kentucky's third-degree burglary statute is not divisible. But we cannot see how: Its definition of "building" sets out an "element[] of the offense in the alternative." *Descamps*, 133 S. Ct. at 2281. Walker argues that third-degree burglary can never be a violent felony because it contains no use-of-force requirement. But the Act specifically enumerates "burglary" as a violent felony; no additional use-of-force element is necessary. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Walker argues that his sentence is unconstitutional because a judge and not a jury found the facts of his prior convictions. But the Supreme Court rejected that argument in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), leaving Walker at the mercy of the Court, not us, in deciding whether to reconsider that decision. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). Walker argues that the government had a statutory and constitutional duty to notify him about the Act's applicability. But that is not the case, as we have said many times before. *See United States v. Ball*, 771 F.3d 964, 973 (6th Cir. 2014); *United States v. Mauldin*, 109 F.3d 1159, 1163 (6th Cir. 1997). And Walker argues that the Act's residual clause is void for vagueness. But we need not reach the issue because three of his prior convictions are violent felonies enumerated by the Act, making the residual clause irrelevant.

For these reasons, we affirm.