**NOT RECOMMENDED FOR PUBLICATION**
File Name: 15a0420n.06

**No. 14-6072**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 08, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RICHARD BRUMBACK, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE:    KEITH, CLAY and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Richard Brumback appeals his sentence of 180 months of imprisonment imposed after the district court determined that his three previous convictions for third-degree burglary under Kentucky law qualified as violent felony crimes under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Because the record is insufficient to determine whether the ACCA was properly applied, we REVERSE Brumback's sentence and REMAND for resentencing.

**I. BACKGROUND**

Brumback was charged in two counts of an indictment with knowingly possessing a firearm after having been previously convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). The indictment also sought forfeiture of a .45 caliber semi-automatic pistol and associated ammunition.

The government filed written notice of its intent to seek enhanced sentencing under the ACCA due to Brumback's previous violent felony convictions. 18 U.S.C. § 924(e). The notice listed three convictions for third-degree burglary, one for second-degree arson, and one for second-degree escape, all of which were adjudicated in Kentucky courts.

Brumback entered into a written plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(B). He agreed to plead guilty to Count 1 and forfeit the firearm and ammunition to the government. The factual basis statement provided that, on November 23, 2012, Brumback "was captured on a video recording carrying a pistol on his hip in a holster in The Sportsman's Warehouse" in Lexington, Kentucky "as he was in the process of shoplifting a 9mm magazine from the business." R. 32, Page ID 86. The factual basis statement further provided that, on February 24, 2013, Brumback "was again captured on a video recording at The Sportsman's Warehouse with a handgun on his hip and carrying a rifle." *Id.* Lexington police arrested Brumback at The Sportsman's Warehouse on April 6, 2013. At that time, he possessed a .45 caliber, semi-automatic pistol and twenty-three rounds of .45 caliber ammunition. The factual basis statement established that Brumback is a convicted felon and that the pistol was manufactured in another state and transported to Kentucky through interstate commerce.

The written plea agreement informed Brumback that his guilty plea to Count 1 would require a statutory term of incarceration "for not less than 15 years, nor more than life imprisonment" under the ACCA. *Id.* Brumback admitted that he "has at least three previous violent crime convictions as set forth in [the] notice filed by the United States pursuant to 18 U.S.C. § 924(e)," all of which were brought in different indictments. *Id.* He also conceded "that he is subject to the . . . enhanced statutory punishment as set forth" in the plea agreement. *Id.* at 87.

In paragraph 5(b) of the plea agreement, Brumback agreed that his base offense level should be 24 under USSG § 2K2.1(a)(2) because of his "three felony convictions for violent crime offenses." *Id.* In paragraph 5(c), he agreed that his base offense level would increase to 33 under USSG § 4B1.4(a) & (b)(3)(B) because of his status as an armed career criminal under § 924(e). *Id.* The parties acknowledged that Brumback should receive a three-level reduction for acceptance of responsibility. Paragraph 6 provided that "[n]o agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4 except as set forth above." *Id.* Brumback promised not to seek a reduction in his offense level based on mitigating role. He also waived "the right to appeal the guilty plea, conviction and sentence," but he retained "the right to appeal the determination of a designation as an armed career offender." *Id.* at 88. Thus, the plea agreement was internally contradictory. Brumback admitted his status as an armed career criminal, yet he also signaled he would challenge a sentence imposed under the ACCA.

At the guilty plea hearing before the district court, the government summarized each paragraph of the plea agreement. Brumback admitted the conduct attributed to him in the factual basis statement. He expressed understanding when the court told him that the sentence "will have to be at least fifteen years" and "under the law I will be obligated to sentence you to at least fifteen years in prison." R. 42, Page ID at 160–61. The court informed Brumback, however, that if he successfully challenged the armed career criminal designation on direct appeal, the court would resentence him as though he were not an armed career criminal. Consequently, the plea colloquy did not clear up the confusion generated by the plea agreement. The court accepted Brumback's guilty plea to Count 1, finding that he was competent to enter a plea, that the plea of guilty was knowingly and voluntarily entered, and that the plea was supported by an independent basis in fact covering all elements of the offense.

The presentence report (PSR) determined that Brumback qualified for sentencing as an armed career criminal and set the offense level at 33. PSR ¶ 22 (applying USSG § 4B1.4(b)(3)(B)). With a three-level reduction for acceptance of responsibility, the total adjusted offense level dropped to 30. PSR ¶ 24. Brumback's three prior convictions for third-degree burglary were listed in the criminal history, although two of them did not earn criminal history points due to the age of the convictions. PSR ¶¶ 33, 35, 37. Combining total offense level 30 and criminal history category V, Brumback faced an advisory guideline range of 151 to 188 months of imprisonment. PSR ¶¶ 42, 71. The ACCA's mandatory minimum sentence of 15 years, however, raised the bottom of the guideline range to 180 months under USSG § 5G1.1(c)(2). PSR ¶ 71. Neither Brumback nor the government filed any objections to the PSR.

At the sentencing hearing, defense counsel objected to the court's reliance on the three third-degree burglary convictions listed in paragraphs 33, 35, and 37 of the PSR to sentence Brumback to a mandatory 15-year sentence of imprisonment under the ACCA. Counsel indicated that he was making a "technical objection" because this court's opinion in *United States v. Coleman*, 655 F.3d 480, 483 (6th Cir. 2011) resolved the ACCA issue against Brumback.[1] Counsel stated that he raised the objection because Brumback asked him to do so. He asked the court to make an explicit finding on the issue. The government agreed that *Coleman* controlled, and without further discussion, the district court "concur[red] with the analysis provided by the attorneys." R. 41, Page ID 137. It stated that it would "note the

---

[1]That case held that conviction under Ohio's third-degree burglary statute qualifies as a violent felony under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). *Coleman*, 655 F.3d at 483.

objection for the record so that it can be raised on appeal." *Id.* The court then adopted the unchallenged PSR, observing that the applicable guideline range was 180 to 188 months.

During allocution, Brumback asked the court to consider that the third-degree burglary convictions were "one step above a misdemeanor" under state law, that no one was inside the buildings when the crimes were committed, that no weapons were involved, and that there were no threats or attempts to employ force. *Id.* at 139–40. He characterized the mandatory 15-year sentence as "extremely harsh." *Id.* at 140.

Defense counsel requested a sentence of 180 months in prison with a recommendation for intensive mental health treatment. The government asked the court to apply the § 3553(a) factors in imposing sentence. The court, after noting its sensitivity to the comments made by Brumback and his counsel, imposed the mandatory sentence of 180 months of imprisonment after it considered the § 3553(a) factors and added a recommendation for mental health evaluation and treatment during incarceration.

Brumback filed a timely notice of appeal, granting this court appellate jurisdiction under 18 U.S.C. § 3742(a). The government asserts that, although Brumback arguably waived his ACCA claim by admitting in the plea agreement that he "has at least three previous violent crime convictions" and by recommending an offense level based on his "status as an Armed Career Criminal," Brumback's reservation of the right to appeal a sentence imposed under the ACCA created an ambiguity in the plea agreement that must be construed against the government. Because the government declines to argue that Brumback waived his right to challenge his sentencing under the ACCA, we turn to the merits.

## II. ANALYSIS

We review de novo the district court's legal conclusion that Brumback qualified for mandatory minimum sentencing as an armed career criminal under § 924(e) and USSG § 4B1.4. *United States v. Prater*, 766 F.3d 501, 507 (6th Cir. 2014). Brumback's counsel argues on appeal, contrary to the stance he took below, that Brumback's three prior convictions for third-degree burglary under Kentucky law do not qualify as predicate violent felonies to warrant enhanced sentencing under the ACCA. Counsel contends that the district court erred by applying *Coleman* to hold that Brumback's convictions qualify as predicate offenses and by failing to employ the modified categorical approach adopted in *Shepard v. United States*, 544 U.S. 13 (2005).

A prior conviction can qualify as a predicate offense under the ACCA if it "is burglary, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether third-degree burglary under Kentucky law matches the generic burglary offense enumerated in § 924(e)(2)(B)(ii), we use the categorical approach of "compar[ing] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). If the elements of Kentucky's third-degree burglary statute "are the same as, or narrower than, those of the generic offense," *id.*, Brumback's prior convictions categorically qualify as ACCA predicate offenses. If, however, the third-degree burglary statute is a "divisible statute"—one that "sets out one or more elements of the offense in the alternative"—we apply the modified categorical approach and "consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.*; *Shepard*, 544 U.S.

at 16, 26 (holding inquiry under the ACCA is limited to statutory elements, charging document, written plea agreement, transcript of plea colloquy, jury instructions, and any explicit factual finding by the trial judge to which the defendant assented).

A person is convicted of generic burglary for the purpose of enhanced sentencing under the ACCA "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Under Kentucky law, "[a] person is guilty of burglary in the third degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." Ky. Rev. Stat. Ann. § 511.040 (West 2015). The term "building," however, is given a broad meaning. Besides the ordinary meaning of "building," the term "means any structure, vehicle, watercraft or aircraft: (a) [w]here any person lives; or (b) [w]here people assemble for purposes of business, government, education, religion, entertainment or public transportation."[2] Ky. Rev. Stat. Ann. § 511.010 (West 2015).

We have held twice before that these Kentucky statutes define a burglary offense broader than generic burglary because the statutes cover break-ins of buildings, vehicles, watercraft, and aircraft. *United States v. Walker*, 599 F. App'x 582, 583 (6th Cir. 2015); *United States v. McGovney*, 270 F. App'x 386, 388–39 (6th Cir. 2008). The government points out that Kentucky's definition of third-degree burglary is close to generic burglary because the statute limits the buildings, vehicles, watercraft, and aircraft to those that are used as residences or places where people assemble for particular purposes. Ky. Rev. Stat. § 511.010. We recognized the appeal of a similar argument in *McGovney*, but we ultimately rejected it. *McGovney*, 270 F.

_____

[2]These same statutes were in effect when Brumback was convicted of third-degree burglary in 1983, 1985, and 2003.

App'x at 389. A vehicle or boat might be "adapted for accommodation" and qualify as a "building" in some circumstances, but we were reluctant to conclude that all vehicles, boats, and aircraft categorically qualify as "buildings." *Id.* (quoting *United States v. Grisel*, 488 F.3d 844, 851, n.5 (9th Cir. 2007)). We agree with the reasoning in *McGovney* and likewise conclude in this case that Kentucky's third-degree burglary statute does not categorically qualify as generic burglary enumerated in the ACCA. *See id.*; *Walker*, 599 F. App'x at 583.

Since the Supreme Court issued *Descamps*, we have held that Kentucky's third-degree burglary statute is divisible. *Walker*, 599 F. App'x at 583–84. *See also Prater*, 766 F.3d at 510 (construing similar New York third-degree burglary statute as divisible). Because the statute is divisible, we employ the modified categorical approach to determine if the offense qualifies as a violent felony under the ACCA. *See Descamps*, 133 S. Ct. at 2281. At this point, our analysis strikes a roadblock because the record does not include any of the documents *Shepard* permits us to review.

It does not surprise us that the record is undeveloped because Brumback admitted in the plea agreement that he "has at least three previous violent crime convictions"; he also joined the government in recommending an offense level based on his status as an armed career criminal; and he subsequently filed no objections to the PSR that recommended sentencing him as an armed career criminal. Because Brumback did not challenge his armed career criminal status prior to the sentencing hearing except to reserve a right to appeal, the government apparently did not prepare to introduce *Shepard* documents at the sentencing hearing for the district court's consideration. Moreover, during the sentencing hearing, Brumback's counsel invited the district court to rely on *Coleman*, a case construing Ohio statutory law, that was decided in favor of the government and supported sentencing Brumback as an armed career criminal. Although the

*Coleman* case offers insight into the application of the ACCA, it does not control this case because Kentucky's third-degree burglary statute differs from Ohio's.

We do not have access to *Shepard* documents to pinpoint which of the alternatives under the Kentucky third-degree burglary statute formed the basis of Brumback's three separate convictions. *See Descamps*, 133 S. Ct. at 2281. Like the written plea agreement, the plea colloquy between Brumback and the district judge is ambiguous concerning whether Brumback admitted that he committed three prior violent felonies qualifying him for sentencing as an armed career criminal. The PSR indicates that all three burglary convictions involved breaking and entering into buildings (a concrete business and two fire department station houses), PSR ¶¶ 33, 35, 37, but we decline to rely on the PSR as a *Shepard* document. It is not clear that Brumback assented to the factual statements in the PSR, considering that he objected to being sentenced under the ACCA at the sentencing hearing. *See Prater*, 766 F.3d at 512. During allocution, Brumback told the court that "[t]here was no one in the buildings at the time," R. 41, Page ID 139, essentially corroborating the PSR's statements that each burglary involved a building. In *McGovney*, we used a similar admission by the defendant to find no plain error, thereby avoiding remand for introduction of *Shepard* documents. 270 F. App'x at 389. We affirmed "[u]nder the unique circumstances" of that case. *Id.* Here, where there is no suggestion that the plain error standard applies, the government addressed the merits of the issue raised, and the government has the burden to prove the applicability of the ACCA, *United States v. Barbour*, 750 F.3d 535, 542 (6th Cir. 2014), we decline to reach the same outcome as the *McGovney* court.

Finally, the government asserts that Brumback committed two other prior offenses that categorically qualify as violent felonies—robbery in Nebraska and arson in Kentucky. The government now admits that the second-degree escape conviction listed in its notice of enhanced

sentencing does not qualify as a violent felony. The government did not rely on the robbery conviction when it gave Brumback notice of the intent to seek enhanced sentencing, but even assuming the robbery and arson crimes are violent felonies, one of the third-degree burglary offenses would have to count to reach three violent felony offenses warranting sentencing under the ACCA. We cannot avoid remand by relying on the robbery and arson offenses.

Because the record is not sufficient to undertake the modified categorical analysis with respect to whether the Kentucky third-degree burglary convictions qualify as violent felonies, we have no choice but to remand the case to the district court. On remand, the government may introduce proper *Shepard* documents to assist the district court in performing the modified categorical analysis. *See Descamps*, 133 S. Ct. at 2281.

## III. CONCLUSION

Accordingly, we REVERSE Brumback's sentence under the ACCA and REMAND the case to the district court for resentencing consistent with this opinion.