NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0156n.06

No. 21-3561

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **FILED** |
| v. | ) | Apr 13, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| RONALD MICKEL, | ) | |
| | ) | ON APPEAL FROM THE |
| Defendant-Appellant. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| | | DISTRICT OF OHIO |

BEFORE: McKEAGUE, GRIFFIN, and READLER, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Ronald Mickel was convicted of being a felon in possession of ammunition and sentenced as a career offender pursuant to the Armed Career Criminal Act (ACCA). He now challenges the district court's application of the career offender sentence enhancement. We affirm.

I.

Ronald Mickel was charged with being a felon in possession of ammunition, in violation of 18 U.S.C §§ 922(g)(1) and 924(a)(2). Mickel proceeded to trial, and the jury returned a guilty verdict. The facts underlying his conviction are unchallenged and not material to this appeal, so we do not include them here.

The presentence report recommended that Mickel be classified as a career criminal under ACCA, 18 U.S.C. § 924(e), based on his four prior convictions for Ohio felony domestic violence. Mickel objected to being sentenced as a career criminal, and the district court ordered supplemental

briefing on the issue. The district court ultimately found that Mickel did qualify as a career offender and sentenced him to 188 months' imprisonment. He now appeals.

II.

Mickel challenges the district court's conclusion that he qualifies as a career criminal, a legal determination we review de novo. *Greer v. United States*, 938 F.3d 766, 770 (6th Cir. 2019). Mickel first argues that until the presentence report was filed, he was unaware that he might be sentenced as a career criminal, so the district court's application of that sentence enhancement without prior notice was a violation of his due process rights. We disagree.

Mickel was charged with and convicted of being a felon in possession of ammunition. Such a charge generally carries a maximum sentence of ten years' imprisonment. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The indictment here referred to §§ 922(g)(1) and 924(a)(2)—but not § 924(e)(1)—and it only listed one prior conviction. At Mickel's initial appearance and at arraignment, the prosecution confirmed that §§ 922(g)(1) and 924(a)(2) violations carry a ten-year maximum sentence.

But ACCA imposes a mandatory minimum sentence of fifteen years for a conviction under § 922(g) if the defendant has three or more previous convictions for either "violent felon[ies] or "serious drug offense[s]" or both. § 924(e)(1). The presentence report noted that Mickel had four prior convictions that qualified as violent felonies, and it accordingly recommended that Mickel be sentenced as a career criminal.

No error resulted from the lack of pretrial notice about the possibility of the ACCA enhancement. While "a defendant must receive reasonable notice and an opportunity to be heard relative to a recidivist charge[,] . . . due process does not require that notice be given prior to the trial on the substantive offense." *Oyler v. Boles*, 368 U.S. 448, 452 (1962); *see also United States*

*v. Mauldin*, 109 F.3d 1159, 1162–63 (6th Cir. 1997) (citing *United States v. Gibson*, 64 F.3d 617, 625 (11th Cir. 1995)) (holding that the "government's failure to formally notify a defendant of its intent to seek enhancement under the ACCA does not offend due process."); *United States v. Miller*, 371 F. App'x 646, 650 (6th Cir. 2010) ("All that due process requires is that a defendant have access to a record of his prior convictions and an opportunity to challenge them before being sentenced."). Here, Mickel was afforded all the process he was due. He received notice that he might be considered a career offender in January 2021, and he was allowed to submit supplemental briefing on the issue before he was sentenced in June 2021. Mickel had actual notice that he may be subject to the career offender sentence enhancement almost five months prior to his sentencing hearing, which complies with the requirements of procedural due process. *See Oyler*, 368 U.S. at 452; *see also Miller*, 371 F. App'x at 650 (holding three months' notice was sufficient under ACCA); *United States v. McGovney*, 270 F. App'x 386, 387 (6th Cir. 2008) (per curiam) (holding two months' notice was sufficient under ACCA).

Mickel attempts to distinguish this precedent by noting that his indictment referenced *only* the general sentencing provision for violations of § 922, not ACCA's sentencing provision, so he is ineligible for the higher sentence required by ACCA. But the enhanced penalty provisions of ACCA are not elements of the offense, and the government does not need to "specifically plead [ACCA] in its indictment[.]" *United States v. Brewer*, 853 F.2d 1319, 1322 (6th Cir. 1988). In any event, the indictment's reference to only the general sentencing provision does not prevent the district court from applying ACCA's sentencing provision. Section 924(e)(1) directs that the defendant "shall be . . . imprisoned not less than fifteen years . . . ." This provision is mandatory: "the sentencing court *must* impose the [career offender] enhancement *sua sponte* without a request by the government where applicable." *Miller*, 371 F. App'x at 650 (citing *United States v.*

*Johnson*, 973 F.3d 857, 860 (10th Cir. 1992)) (first emphasis added). The indictment does not render the district court's application of ACCA's career offender enhancement erroneous. Mickel received constitutionally sufficient notice that he might be sentenced under § 924(e)(1).

III.

Mickel next challenges the district court's conclusion that four of his prior convictions constituted "violent felon[ies]" under ACCA. We review these determinations de novo. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). Mickel has four convictions for felony domestic violence under Ohio Revised Code § 2919.25(A). In 2015, we held that a conviction under § 2919.25(A) categorically qualifies as a violent felony under ACCA. *United States v. Gatson*, 776 F.3d 405, 411 (6th Cir. 2015). We are bound by *Gatson*, so Mickel's four convictions qualify as violent felonies.

Defendant seeks to avoid this conclusion in two ways. First, he cites two concurring opinions in unpublished opinions, both noting the author's belief that *Gatson* may need to be reconsidered. *See United States v. Melendez-Perez*, No. 20-3925, 2021 WL 3045781, at *3 (6th Cir. July 20, 2021) (Moore, J., concurring); *United States v. Solomon*, 763 F. App'x 442, 449 (6th Cir. 2019) (Moore, J., concurring). But these concurring opinions both concede that, as binding precedent, *Gatson* controls the issue.

Mickel then asks us to reconsider *Gatson*, arguing that the Ohio definition of "physical harm" is overbroad, which removes convictions under § 2919.25(A) from ACCA's scope. But we cannot overrule *Gatson*. In the absence of an inconsistent decision from the Supreme Court that requires modification of a panel decision, only the court sitting en banc can overrule a prior published panel decision. *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). And there has been no change in controlling authority. Mickel argues that *United States v. Burris*, 912

F.3d 386 (6th Cir. 2019) (en banc), requires us to revisit *Gatson*, but we have already rejected this argument. *See Melendez-Perez*, 2021 WL 3045781, at *3 (majority op.). Thus, *Gatson* controls, and the district court properly concluded that Mickel's four Ohio domestic violence convictions are "violent felon[ies]" as defined by ACCA.

IV.

Finally, Mickel argues that the existence of his three predicate convictions should have been proven beyond a reasonable doubt at trial, and, because the government did not do so, the district court engaged in judicial fact-finding that violated his Sixth Amendment rights. We review this constitutional challenge de novo. *United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011). But as Mickel concedes, sentencing courts can consider a defendant's prior convictions to increase the defendant's sentence without the government proving their existence at trial on the merits. *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998). And *Almendarez-Torres* remains good law. *See Moody v. United States*, 958 F.3d 485, 491 (6th Cir. 2020). There was no requirement for the government to prove the existence of Mickel's ACCA-qualifying convictions at trial, so the district court did not err when it considered them at sentencing.

V.

For these reasons, we affirm the district court's judgment.