**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0855n.06

No. 13-2258

**FILED**
Nov 14, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GINO ANTONIO SOLOMON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER, GILMAN, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Gino Solomon pled guilty to three counts of drug manufacture and possession, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and was sentenced to 72 months in prison on each count to run concurrently, which was below the guideline range. He now appeals his sentence, challenging his designation as a career offender and also challenging the court's finding of offense-level enhancements for possessing a firearm and maintaining a drug premises that would have applied if he had not been a career offender. We affirm.

**I.**

We first consider Solomon's contention that the district court erred in determining that he was a career offender under § 4B1.1(a) of the Sentencing Guidelines. This presents a question of law that we review *de novo*. *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006).

Section 4B1.1(a) of the 2012 Sentencing Guidelines (the version in effect at the time Solomon was sentenced) provides that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Solomon does not dispute that he was well over eighteen years old at the time he committed the drug offenses for which he was convicted in this case, and those drug offenses unquestionably are "controlled substance offenses" under the Sentencing Guidelines.[1] Solomon argues, however, that he did not have two qualifying prior felony convictions as required by clause (3). Specifically, although Solomon acknowledges that his June 2010 felony conviction in Oakland County, Michigan, for delivery of marijuana was a qualifying conviction under the career offender guideline, he contends that his May 2010 conviction for attempted possession of marijuana with intent to deliver—a violation of Mich. Comp. Laws § 333.7401—was categorized in state court as a two-year misdemeanor, not a felony. These were the predicate felony convictions for the district court's determination that Solomon was a career offender.

To determine whether a prior conviction is a qualifying conviction under the career offender guideline, the court generally applies a "categorical" approach, "which means that it focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) (citing *Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011)). Mich.

---

[1] "Controlled substance offense" is defined in § 4B1.2(b) of the Sentencing Guidelines as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

Comp. Laws § 333.7401 prohibits "manufactur[ing], creat[ing], deliver[ing], or possess[ing] with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form." Therefore, it is possible for § 333.7401 to be violated in a way that constitutes a controlled substance offense for purposes of § 4B1.2(b) of the Sentencing Guidelines (manufacturing, creating, or delivering a controlled substance, or possessing a controlled substance with intent to do any of those), and it is possible for § 333.7401 to be violated in a way that does *not* constitute a controlled substance offense for purposes of § 4B1.2(b) of the Sentencing Guidelines (manufacturing, creating, delivering, or possessing a prescription form or counterfeit prescription form). In such a situation, courts use the "modified categorical approach" to determine under which element of the statute the defendant was actually convicted. *Denson*, 728 F.3d at 608. The modified categorical approach "permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also Shepard v. United States*, 544 U.S. 13, 16 (2005) (identifying a defendant's "written plea agreement" for a prior conviction as one of the types of documents that a sentencing court can consult).

Applying the modified categorical approach, we consult Solomon's written plea agreement for his May 2010 conviction and determine that Solomon was convicted of attempted possession with intent to deliver marijuana, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii), which covers "less than 5 kilograms or fewer than 20 plants" of marijuana. This is the lowest-level marijuana violation under the statute and even it provides for imprisonment up to 4 years. Mich. Comp. Laws § 333.7401(2)(d)(iii). That statutory maximum is cut in half, to two years, where the offense was an attempt. Mich. Comp. Laws § 750.92.

Solomon's conviction therefore was for a controlled substance offense within the meaning of § 4B1.2(b) of the Guidelines: it was for possession of a controlled substance with intent to "distribute," because "deliver" plainly falls within the meaning of "distribute" in § 4B1.2(b), and it was punishable by imprisonment for a term exceeding one year. The fact that Solomon was convicted of attempted possession does not change this conclusion: Application Note 1 to § 4B1.2 of the Guidelines makes clear that "controlled substance offense" includes attempt to commit a controlled substance offense.

Furthermore, Solomon's May 2010 conviction for a controlled substance offense does count as a prior felony conviction for purposes of the Guidelines because it was punishable by imprisonment exceeding one year. Application Note 1 to § 4B1.2 of the Guidelines instructs that "prior felony conviction" refers to "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Solomon's protestation that the offense was designated as a "two year misdemeanor" is therefore immaterial.

Solomon therefore had two prior felony convictions for controlled substance offenses and was a career offender under the Guidelines. Having correctly determined that Solomon was a career offender, the district court did not err in its calculation of a guideline range of 84 to 105 months. Section 4B1.1(b) of the Sentencing Guidelines establishes that a career offender's criminal history category is VI, and his offense level is determined by the statutory maximum sentence for the offense of conviction. In Solomon's case, the statutory maximum sentence of imprisonment, as defined at 21 U.S.C. § 841(b)(1)(D), was 10 years because Solomon had a

prior conviction for a felony drug offense.[2]  Solomon's offense level therefore was 24.  The court deducted two points from Solomon's offense level because he had clearly accepted responsibility for the charges to which he pled guilty.  Solomon's final offense level therefore was 22 and his criminal history category was VI, which equated to a guideline range of 84 to 105 months.  U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  The court departed downward from the guideline range and sentenced Solomon to 72 months on each count to run concurrently.  Solomon's appeal is solely about the scoring of his sentencing guidelines and he does not challenge the district court's downward departure.

**II.**

Because Solomon had an offense level of 22 and criminal history category of VI solely based on his career offender status, we need not determine whether the district court erred in the firearm-possession and drug-premises offense level increases that Solomon also challenges.  Each of those would have constituted a two-level increase on top of a base offense level of 12, which was set out in Solomon's Presentence Investigation Report (PSR) and to which Solomon does not object on appeal.  After subtracting 2 points for acceptance of responsibility, Solomon would have had a final offense level of 14 with a criminal history category of III,[3] which would correspond to a guideline range of 21 to 27 months.  However, all of that was overridden by the correct finding that Solomon was a career offender, which by itself increased his criminal history category to VI and his offense level to 24 (before two offense-level points were subtracted for acceptance of responsibility).  *See* U.S.S.G. § 4B1.1(b) ("Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense

---

[2] "Felony drug offense" is defined at 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

[3] Solomon also does not contest the finding set forth in the PSR that he had a criminal history category of III before his career offender status raised it to category VI.

level otherwise applicable, the offense level from the table in this subsection shall apply.").

Therefore any error in finding the firearm-possession and drug-premises offense level increases

had no effect on Solomon's sentence.

## III.

For the reasons set forth above, we affirm Solomon's sentence.