RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0178p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee*,

  *v.*

                No. 14-6439

NATHANIEL MICHAEL OZIER,

     *Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:13-cr-00107—Thomas A. Varlan, Chief District Judge.

Decided and Filed:  August 5, 2015

Before:  McKEAGUE and GRIFFIN, Circuit Judges; DRAIN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:**  Tracy Jackson Smith, LAW OFFICE OF TRACY JACKSON SMITH, Knoxville, Tennessee, for Appellant.  Kelly A. Norris, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

  GRIFFIN, Circuit Judge.  Defendant Nathaniel Ozier pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and the district court sentenced him to 168 months' imprisonment.  He now appeals his sentence, arguing that the district court erred when it

---

  [*]The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

concluded he was a "career offender" on account of having at least two prior felony convictions for "crimes of violence" under U.S.S.G. § 4B1.1. For the reasons set forth, we affirm.

I.

On July 30, 2013, defendant entered a Home Federal Bank in Knoxville, Tennessee, and handed a teller a note stating: "[G]ive me the money[.] I have a gun! No [j]oke[.]" After the teller retrieved money from the drawer, defendant grabbed the money and ran out of the bank. A grand jury returned an indictment for one count of bank robbery in violation of 18 U.S.C. § 2113(a), to which defendant pleaded guilty in November 2013.

The presentence report (PSR) concluded that because the instant offense and at least two of defendant's prior felony convictions were "crimes of violence" under U.S.S.G. § 4B1.2(a)(2), he was a "career offender" under U.S.S.G. § 4B1.1(a). Specifically, the PSR identified eight such convictions—all for aggravated burglary under Tenn. Code § 39-14-403: three on April 27, 2006, and five on April 19, 2007. Accordingly, the PSR concluded that these convictions constituted "burglar[ies] of a dwelling" under U.S.S.G. § 4B1.2(a)(2) and recommended that the district court apply an offense level of 32 under the "career offender" provisions. *See* U.S.S.G. § 4B1.1(b)(3). After a three-level reduction for acceptance of responsibility, the PSR calculated defendant's total offense level at 29, and his criminal history at level VI. Defendant's advisory Guideline range was 151–188 months. Without the "career offender" enhancement, his offense level would have been 21, his criminal history category would have remained VI, and his Guideline range would be 77–96 months.

Defendant mounted several objections to the PSR before the district court, only one of which is raised on appeal. Specifically, he challenged his "career offender" designation, arguing that under *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013), Tennessee's aggravated burglary statute criminalizes conduct broader than the generic definition of burglary of a dwelling and thus is categorically not a "crime of violence" under U.S.S.G. § 4B1.2(a). Not so, responded the government. The government argued the statute sets forth alternative elements and is thus "divisible" under *Descamps* as recognized in an unpublished decision of this court in *United States v. Lara*, 590 F. App'x 574, 585 (6th Cir. 2014). Accordingly, the government attached a transcript of the plea colloquies for defendant's aggravated burglary convictions

pursuant to *Shepard v. United States*, 544 U.S. 13 (2005), and the "modified categorical approach" in order to determine which alternative formed the basis of defendant's prior convictions.   The plea colloquies reveal that defendant pleaded guilty to burglarizing dwellings—"residences," "homes," "houses," and an "apartment"—in every instance.   And, in the alternative, the government argued that defendant's aggravated burglary convictions fell within U.S.S.G. § 4B1.2(a)'s "residual clause" because they "involve[d] conduct that presents a serious potential risk of physical injury to another."

At sentencing on November 14, 2014, the district court adopted the PSR over defendant's objections.   It found Tenn. Code § 39-14-403 divisible, examined the transcript of the plea colloquies under *Shepard*, and concluded that defendant's prior convictions met U.S.S.G. § 4B1.2's definition of "burglary of a dwelling."   It also ruled that the prior convictions fell within U.S.S.G. § 4B1.1's residual clause.   The district court then sentenced defendant to 168 months' imprisonment.   Defendant timely appeals his sentence, challenging only his designation as a "career offender."

II.

To qualify as a "career offender" under U.S.S.G. § 4B1.1, a defendant who was over the age of eighteen at the time he committed the instant felony offense must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."   U.S.S.G. § 4B1.1(a)(1), (3).   The term "crime of violence" is defined as any felony that either "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G.   §   4B1.2(a).   We review de novo questions involving the interpretation of the Sentencing Guidelines, including the district court's determination that a defendant is a "career offender" under U.S.S.G. § 4B1.1.  *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009).

A.

First, defendant argues that Tenn. Code § 39-14-403 is an "indivisible" statute under *Descamps* and the district court therefore erred when it consulted a document authorized by *Shepard* and enhanced his sentence.  We disagree.

When determining whether a particular conviction constitutes a "crime of violence," we use the "categorical approach." *United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014).  This approach requires "compar[ing] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood. The prior conviction qualifies as a[] . . . predicate [offense] only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 133 S. Ct. at 2281.[1]

In some instances, as here, a statute of conviction "sets out one or more elements of the offense in the alternative," *id.*; that is, "at least one, but not all of those alternative elements . . . depart from . . . the elements of the generic . . . crime." *United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014).  When this occurs, the statute is deemed "divisible," and a sentencing court may then apply a "modified categorical approach" by "consult[ing] a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281.  The "generic" definition of "burglary of a dwelling," as we found in *United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010), entails an "intrusion on a place of habitation." *Id.* at 714.  But as the district court observed, Tennessee's aggravated burglary statute contains alternative elements that depart from this "requirement of habitation." *Id.* at 713.

Codified at § 39-14-403, Tennessee law provides that "[a]ggravated burglary is burglary of a habitation as defined in §§ 39-14-401 and 39-14-402."  Section 39-14-401 fills in the pertinent definition of "habitation," which:

(A)     Means any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons;

---

[1]Though *Descamps* addresses the Armed Career Criminal Act's "violent felony" enhancement, "we analyze a crime of violence under the career-offender guideline just as we do a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and so rely on ACCA cases here." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013).

(B)     Includes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant; and

(C)     Includes each separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle.

Tenn. Code § 39-14-401(1).  Section 39-14-402 generally defines burglary:

A person commits burglary who, without the effective consent of the property owner:

(1)     Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2)     Remains concealed, with the intent to commit a felony, theft or assault, in a building;

(3)     Enters a building and commits or attempts to commit a felony, theft or assault; or

(4)     Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code § 39-14-402.

Two panels of this court have recently held that Tennessee's general burglary and aggravated burglary statutes are divisible under *Descamps* and that a *Shepard* inquiry therefore is permissible.  *See Lara*, 590 F. App'x at 585; *United States v. Moore*, 578 F. App'x 550, 553 (6th Cir. 2014).  We see no reason to disagree with these conclusions.

A statute is "divisible" when it "list[s] potential offense elements in the alternative, render[ing] opaque which element played a part in the defendant's conviction."  *Descamps*, 133 S. Ct. at 2283; *Mitchell*, 743 F.3d at 1063 ("Divisibility must be accompanied by another condition, namely, ambiguity in the statute of conviction.").  The Supreme Court provided an apropos example in *Descamps*:  A statute "stating that burglary involves entry into a building *or* an automobile. . . . [O]ne alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not[.]"  *Descamps*, 133 S. Ct. at 2281; *see also Prater*, 766 F.3d at 511 n.6 ("[T]he Supreme Court has repeatedly treated a burglary statute criminalizing burglary of a building or a vehicle as the quintessential example of a case where

one alternative form of the crime does not match generic burglary."). The converse is a statute that "has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282. This would be, for example, the statute under which the plaintiff in *Descamps* was convicted, which provided that "a 'person who enters' certain locations 'with intent to commit grand or petit larceny or any felony is guilty of burglary.'" *Id.* (citing Cal. Penal Code § 459).

Section 39-14-402 is plainly divisible, and defendant does not argue to the contrary. Listing the potential offense elements in the disjunctive—*i.e.*, one commits burglary under subsections (1), (2), (3), *or* (4)—suggests alternative elements. *Moore*, 578 F. App'x at 553; *Mitchell*, 743 F.3d at 1065–66 ("The 'ordinary use' of the conjunction 'or' is 'almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'" (citation omitted)).

Rather, defendant rests solely on the contention that § 39-14-401 is "simply a 'definitions' section," and merely provides "alternative means (of committing the same crime)" not "'alternative elements' (of functionally separate crimes)." In other words, a divisible section plus an indivisible section equals an indivisible statute. We disagree.

First, § 39-14-401 *is* divisible. *Lara*, 590 F. App'x at 585. An "offense is not rendered an 'indivisible' statute . . . simply because the prohibitory provision itself" incorporates a definition from elsewhere. *Prater*, 766 F.3d at 510. As we highlighted in *Prater*, "[a] state's penal code structure does not erase the Supreme Court's developed distinction between 'divisible' and 'indivisible' offenses by distributing elements across various statutory provisions." *Id.* There, we examined New York's third-degree burglary statute and found it to be divisible. As here, the statute at issue in *Prater* enumerated the crime in one section, N.Y. Penal Law § 140.20, and set forth certain definitions in another, N.Y. Penal Law § 140.00. More specifically, § 140.20 provides that "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." And § 140.00(2) defines a "building" as "its ordinary meaning, includ[ing] any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer." Reading the two provisions together, we had no problem

concluding that the statute was divisible because it "comprises multiple, alternative versions of the crime. . . . A person commits third-degree burglary in New York when he 'knowingly enters or remains unlawfully' in 'any structure, vehicle, *or* watercraft . . . *or* an inclosed motor truck, *or* an inclosed motor truck trailer.'" *Prater*, 766 F.3d at 510 (citation omitted and alteration in original). Concluding otherwise, we noted, would mean a state's codification standards—*i.e.*, whether definitions are incorporated by reference to another statutory provision or expressly set forth therein—would trump the elements analysis set forth in *Descamps*. *Id.* at 510–11; *see also United States v. Ventura-Perez*, 666 F.3d 670, 676 (10th Cir. 2012) (examining a Texas statute that is nearly identical to Tennessee's aggravated burglary statute, commenting that "[i]t is irrelevant that here the statutory phrase is in a definition section of the state penal code, rather than in a section stating a criminal offense. The definition language is incorporated into the offense section. The crime would be identical if the definition had been inserted into the offense section.").[2]

The same analysis applies here. Section 39-14-401 breathes meaning into § 39-14-403's use of the word "habitation." In defining the term "habitation," § 39-14-401 provides several alternative elements: (A) a structure that is designed or adapted for the overnight accommodation of persons; (B) a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is occupied at the time of initial entry of the defendant; or (C) separately secured or occupied portion of the structure or vehicle *and* each structure appurtenant to or connected with the structure or vehicle. In so doing, Tennessee's statutory scheme criminalizes the burglary of five types of structures:

> a "structure . . . designed or adapted for the overnight accommodation of persons"; a "self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant"; a "separately secured or occupied portion of the structure or vehicle"; a "structure appurtenant to . . . the structure or vehicle"; or a "structure . . . connected with the structure or vehicle."

---

[2]Indeed, on numerous occasions after *Descamps*, we have found statutes incorporating definitional sections to be "divisible." *See, e.g., United States v. Brumback*, No. 14-6072, 2015 WL 3541122, *4 (6th Cir. June 8, 2015) (Kentucky's burglary statute); *United States v. Cooper*, 739 F.3d 873, 879–80 (6th Cir. 2014) (Tennessee's aggravated assault statute); *United States v. Hockenberry*, 730 F.3d 645, 669 (6th Cir. 2013) (Pennsylvania's burglary statute); *Denson*, 728 F.3d at 612 (Ohio's inciting to violence statute); *see also McFalls*, 592 F.3d at 712–13 (pre-*Descamps*, South Carolina's burglary of a dwelling statute).

*Lara*, 590 F. App'x at 585 (omissions in original and internal citations omitted). The inclusion of these last two structures—which could include structures like "a tool shed, outhouse, bathhouse, smokehouse, or other uninhabited outbuildings that belong to or serve the principal structure"—renders the statute broader than the generic burglary of a dwelling. *Id.* at 582; *McFalls*, 592 F.3d at 714 ("Intrusions into uninhabitable structures two hundred yards from the place of habitation thus do not constitute generic burglary of a dwelling."); *United States v. Ramirez*, 708 F.3d 295, 303 (1st Cir. 2013) ("Because Florida's definition of burglary of a dwelling includes both burglary of a building or conveyance and burglary of such building's or conveyance's curtilage, we cannot tell whether [the defendant]'s burglary conviction involved the former, the latter, or both.").

Moreover, and equally as important, *Descamps* expressly rejected defendant's finite parsing of state law as to the difference between "means" and "elements" in responding to a similar argument set forth by Justice Alito in dissent:

> And if the dissent's real point is that distinguishing between "alternative elements" and "alternative means" is difficult, we can see no real-world reason to worry. Whatever a statute lists (whether elements or means), the documents we approved in *Taylor* [*v. United States*, 495 U.S. 575 (1990)] and *Shepard—i.e.,* indictment, jury instructions, plea colloquy, and plea agreement—would reflect the crime's elements. So a court need not parse state law in the way the dissent suggests: When a state law is drafted in the alternative, the court merely resorts to the approved documents and compares the elements revealed there to those of the generic offense.

133 S. Ct. at 2285 n.2. Put differently, the word "habitation" in § 39-14-403 lists the "various places for unlawful entry that the statute criminalizes by providing a disjunctive list of buildings that can be burgled under the statute. Whether these amount to alternative elements or merely alternative means to fulfilling an element, the statute is divisible[.]" *United States v. Mathis*, 786 F.3d 1068, 1075 (8th Cir. 2015).

Because we agree that Tennessee's aggravated burglary statute is divisible, we now, under the modified categorical approach, turn to the transcript of the plea colloquies offered by the government as a valid *Shepard* document to determine which alternative formed the basis of defendant's prior convictions. *Descamps*, 133 S. Ct. at 2286; *United States v. Davis*, 751 F.3d 769, 775–76 (6th Cir. 2014). We recently emphasized the narrowness of this review, noting

*Descamps'* caveat that sentencing courts may review *Shepard* documents only when a statute defines a crime alternatively "*with one statutory phrase corresponding to the generic crime and another not.*" *Mitchell*, 743 F.3d at 1064 (citing *Descamps*, 133 S. Ct. at 2286). Moreover, the modified categorical approach

> does not authorize a sentencing court to substitute . . . a facts-based inquiry for an elements-based one. A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction and may not rely on the underlying facts of the offense beyond the extent to which they help the court identify which elements of the statute were at issue in the prior conviction.

*Davis*, 751 F.3d at 775 (internal quotation marks omitted). "Put another way, the purpose of the modified categorical approach is simply to determine of what elements the defendant was convicted *so that* the court can apply the categorical approach." *Id.* at 777.

Other than the district court's decision to consult the transcript of the plea colloquies, defendant points to no specific error as to the results of such an examination. Nor could he. The plea colloquies make clear that defendant admitted to and was convicted of burglarizing dwellings: "residences," "homes," "houses," and an "apartment." That is, defendant necessarily pleaded guilty to burglary of a habitation as set forth only in Tenn. Code § 39-14-401(1)(A): burglary of "any structure . . . which is designed or adapted for the overnight accommodation of persons," which categorically tracks the generic definition of "burglary of a dwelling." *McFalls*, 592 F.3d at 712–14.

Accordingly, the district court did not err in finding that defendant's prior convictions for aggravated burglary qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a)(2), rendering him a "career offender" under U.S.S.G. § 4B1.1(a).

B.

Defendant next argues that U.S.S.G. § 4B1.1's residual clause is unconstitutionally vague. In *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's "residual clause" is impermissibly vague, and vacated the imposed sentence. The residual clause in the Guidelines' "crime of violence" definition at issue herein mirrors the ACCA's residual clause. *Compare* U.S.S.G. § 4B1.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii).

However, because the district court correctly concluded defendant's prior convictions for aggravated burglary were "crimes of violence" as defined by U.S.S.G. § 4B1.2 and thus warrants application of the "career offender" enhancement, we have no occasion to decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause. *But see United States v. Harbin*, No. 14-3956/3964, 2015 WL 4393889 (6th Cir. July 20, 2015) (vacating judgment and remanding for reconsideration in light of *Johnson* in a case involving a "crime of violence" conviction based solely upon the residual clause under U.S.S.G. § 4B1.2(a)(2)); *United States v. Darden*, No. 14-5537, 2015 WL 4081065 (6th Cir. July 6, 2015) (same).

III.

For these reasons, we affirm defendant's sentence.