**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael STEPHENS, aka Michael Williams, Defendant–Appellant.**

**No. 15–5553**

United States Court of Appeals, Sixth Circuit.

FILED June 09, 2016

---

Kevin G. Ritz, Assistant U.S. Attorney, Office of the U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

John Keith Perry, Jr., Perry Griffin, Southaven, MS, for Defendant–Appellant.

BEFORE: MOORE, SUTTON, and DONALD, Circuit Judges.

SUTTON, Circuit Judge.

At issue is whether the defendant's sentence violates *Johnson v. United States,* — U.S. ——, 135 S.Ct. 2551, 2557, 192 L.Ed.2d 569 (2015), which invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. Because the defendant would receive the same sentence even without the residual clause, no reversible error occurred.

After pleading guilty to conspiring to possess and distribute cocaine, Michael Stephens received a career-offender enhancement under the guidelines. *See* U.S.S.G. § 4B1.1(a). The district court had several options available to it in applying this enhancement, one of which was the guideline's residual clause, which was identical to and just as vague as the now-invalidated provision in the Armed Career Criminal Act. *Id.* § 4B1.2(a)(2). In our circuit, *Johnson* applies with equal force to sentences under the Act's residual clause *and* the guideline's residual clause. *United States v. Pawlak,* 822 F.3d 902, 906–07, 910–11 (6th Cir. 2016).

The record does not say whether the district court relied on the guideline's residual clause in enhancing Stephens' sentence. One way or another, however, the court classified Stephens as a career offender and increased his guidelines range from 130–162 months to 188–235 months. *See* U.S.S.G. § 4B1.1(b).

Stephens agreed with that enhancement. He then asked the court to impose a below-guidelines sentence, which it did. And he raised no objections to the resulting 180-month sentence.

Stephens now takes issue with his classification as a career offender and with the enhancement that comes with it.

■ At first glance, it would seem that Stephens waived this challenge. In the district court, his counsel agreed that Stephens was a career offender and should receive the higher guidelines range. He did so in his sentencing memorandum, agreeing with the presentence report that "the guidelines should be between 188 and 235 months." R. 185 at 6. And he did so at sentencing, conceding that Stephens' criminal "history put[ ] him into that [guidelines range]." R. 197 at 19. For his part, Stephens "nod[ded] [his] head affirmatively" when asked if he understood that "qualify[ing] as a career offender ... increase[d] the penalty range." *Id.* at 34. All the while neither Stephens nor his attorney hinted that there was anything wrong with the career-offender label or the higher guidelines range. Inadvertence was not the reason for their consent: They bargained for that range in the plea agreement when the government agreed to lower the charged conduct below five kilograms, which would have required a mandatory minimum sentence of ten years and a guidelines range of 262–327 months. *See* 21 U.S.C. § 841(b)(1)(A)(ii). We have traditionally required defendants in similar circumstances to stand by the agreements they made and the ranges they accepted. *See, e.g., United States v. Ruiz,* 777 F.3d 315, 319–21 (6th Cir. 2015); *cf., e.g., United States v. Hall,* 373 Fed.Appx. 588, 592 (6th Cir. 2010).

But *Johnson* is not a traditional case. We have excused defendants' *Johnson*-related waivers, giving them "the benefit of the doubt" when they were sentenced before that decision. *E.g., United States v. Priddy,* 808 F.3d 676, 682 (6th Cir. 2015). Stephens was sentenced on May 11, 2015, more than a month before *Johnson.* We thus may review his *Johnson*-related challenge for plain error. *Id.*

■ Stephens bears the burden of showing plain error, however, and he comes up short here. No obvious error occurred because, even had the trial judge known *Johnson* and *Pawlak* were coming, he would not have needed to rely on the residual clause to apply the career-offender enhancement to Stephens. *See Henderson v. United States,* —— U.S. ——, 133 S.Ct. 1121, 1129–30, 185 L.Ed.2d 85 (2013).

Stephens' conduct checks each of the boxes for the "career offender" enhancement even without the residual clause. He was "at least eighteen years old" when he conspired to commit the crime he pled guilty to, "a felony ... controlled substance offense." U.S.S.G. § 4B1.1(a)(1)–(2). And he had "at least two prior felony convictions of ... a crime of violence" on his record. *Id.* § 4B1.1(a)(3). One was his Tennessee aggravated burglary conviction in 2002, which the parties do not deny qualifies as a crime of violence. *See* Tenn. Code Ann. § 39–14–403.

The other was his Tennessee attempted aggravated burglary conviction in 2008, which also qualifies as a crime of violence without the residual clause. As the record demonstrates, Stephens attempted to com-

mit a "burglary of a dwelling"—a "house," R. 197 at 26—one of the listed offenses that satisfies the "crime of violence" definition under the guidelines. U.S.S.G. § 4B1.2(a)(2). Since *Johnson,* we have confirmed that Tennessee aggravated burglary of a "house[ ]" is a "crime of violence" under the guidelines. *United States v. Ozier,* 796 F.3d 597, 599 (6th Cir. 2015). Because the trial court could have reached the same guidelines calculation via a non-residual-clause path, Stephens cannot show plain error. *Id.* at 604; *see United States v. Bivens,* 811 F.3d 840, 843 (6th Cir. 2016).

■ Stephens' sole challenge to this conclusion is that "criminal attempt[s]" cannot be "crimes of violence" after *Johnson.* Appellant's Br. 17. That does not work. *Johnson* left intact the guidelines' career-offender application notes, which provide that a " '[c]rime of violence' ... include[s] the offense[ ] of ... attempting to commit" a crime of violence. U.S.S.G. § 4B1.2 cmt. n.1. There is no escaping that language or its binding application. *See Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Because aggravated burglary of a "house[ ]" under Tennessee law amounts to a "crime of violence," *Ozier,* 796 F.3d at 599, so also does *attempted* aggravated burglary of a house. U.S.S.G. § 4B1.2 cmt. n.1; *see United States v. Solomon,* 592 Fed.Appx. 359, 361 (6th Cir. 2014); *see also United States v. Williams,* 350 F.3d 128, 129–30 (D.C. Cir. 2003) (collecting cases).

Tennessee aggravated burglary, we recognize, is "divisible" under the guidelines. *Ozier,* 796 F.3d at 601–02. One can violate that statute by burglarizing a "dwelling" (say a house) or by burglarizing a non-dwelling (say a tool shed). *Id.* at 602; *see* Tenn. Code Ann. §§ 39–14–401(1), –403(a). Only "burglary of a dwelling," we also

recognize, counts as a "crime of violence" under the guidelines. U.S.S.G. § 4B1.2(a)(2). But that means only that we must apply the "modified categorical approach ... to determine which alternative formed the basis of defendant's prior conviction[ ]." *Ozier,* 796 F.3d at 603. Stephens' admissions at sentencing show which of the "alternative[s] formed the basis of [his] prior conviction." *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013); *see United States v. Davis,* 751 F.3d 769, 775 (6th Cir. 2014). It was the "dwelling" alternative—and thus the "crime of violence" alternative. The district court did not commit an error, much less an obvious error, in enhancing Stephens' sentence under the career-offender enhancement.

■ One other feature of this case deserves mention. The way we know Stephens' prior conviction was for burglarizing a house (rather than, say, burglarizing a tool shed) turns on what he said at sentencing. He admitted that his "attempted aggravated burglary" involved a "house." R. 197 at 26. Such an admission—coming in federal rather than state court and coming from the defendant rather than from a charging document or plea agreement—is not a typical source for establishing the basis of a prior conviction. But we have previously held that "the [federal sentencing] colloquy between the district judge and the defendant can be considered" when applying this approach, at least on plain error review. *United States v. McGovney,* 270 Fed.Appx. 386, 389 (6th Cir. 2008) (per curiam); *see United States v. Drister,* 240 Fed.Appx. 81, 87 (6th Cir. 2007); *cf. United States v. Brumback,* 614 Fed.Appx. 288, 293 (6th Cir. 2015). As an "explicit fact[ ] ... to which the defendant assented," *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254,

161 L.Ed.2d 205 (2005), it may be credited by the court for plain error purposes.

For these reasons, we affirm.