<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 16a0591n.06

Case No. 16-1655

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Nov 02, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| In re: GARLAND DONTRELL GARNER, | ) | |
| | ) | ON MOTION TO AUTHORIZE |
| Movant. | ) | THE FILING OF A SECOND OR |
| | ) | SUCCESSIVE APPLICATION FOR |
| | ) | HABEAS CORPUS RELIEF |
| | ) | |

BEFORE: KEITH, ROGERS, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Garland Dontrell Garner, a federal prisoner represented by counsel, moves for authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Garner expressly waived his right to attack his sentence collaterally in his plea agreement, we reject the motion.

In 2013, Garner pleaded guilty to being a felon in possession of a firearm while on pretrial release. *See* 18 U.S.C. §§ 922(g)(1), 3147. The district court calculated Garner's guidelines range based in part on its finding that his prior Michigan conviction for attempted assault with intent to commit great bodily harm less than murder was a "crime of violence" under U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1(a)(1) & cmt. n.1. The court sentenced Garner to 110 months in prison. Garner appealed. We rejected his appeal after he acknowledged that he had waived his right to appeal in the plea agreement. He then sought relief under § 2255. Same result: He was not eligible for relief because he had waived the right to attack his sentence collaterally.

Garner now moves for authorization to file a second or successive motion to vacate. He argues that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he should not be subject to an increased offense level under § 2K2.1(a)(1) because his prior Michigan conviction for attempted assault with intent to commit great bodily harm less than murder no longer qualifies as a "crime of violence" under § 4B1.2(a). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Id.* at 2555, 2563. And we have held that the identical residual clause in § 4B1.2(a)(2)'s definition of "crime of violence" is also unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016).

We may authorize a movant to file a second or successive motion to vacate when the movant shows that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see In re Watkins*, 810 F.3d 375, 379 (6th Cir. 2015). The Supreme Court has held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In contrast, we do not yet know "whether [we should] treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, 831 F.3d 377, 378 (6th Cir. 2016).

Regardless of the answer to that question, we must deny Garner's motion for the same reason he lost his direct appeal and his § 2255 action: Garner waived his right to challenge his sentence collaterally in his plea agreement.

A defendant's waiver of his right to challenge his conviction and sentence under § 2255 is enforceable when it is entered into "knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see In re Acosta*, 480 F.3d 421, 422 (6th Cir.

2007). In *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), we held that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *See also United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Garner, like the defendant in *Bradley*, expressly "waive[d] the right to appeal his[] conviction or sentence on any grounds" and "knowingly and voluntarily waive[d] th[e] right . . . to contest his[] conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255." R. 23 at 7; *see Bradley*, 400 F.3d at 461. In making this waiver, he understood "that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions." R. 23 at 7.

Had Garner predicted the outcome of *Johnson*, it is true, he might not have used his rights to challenge his sentence as bargaining chips in the plea negotiation. But Garner's lack of clairvoyance cannot undo his decision to waive the right to attack his sentence collaterally. His "waiver[] of the right to appeal . . . would amount to little if future changes in the law permitted the benefited party nonetheless to appeal." *Bradley*, 400 F.3d at 465. And the Supreme Court made clear, many years before Garner pleaded guilty, that "[n]ew *substantive* rules," such as *Johnson*, "generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). Congress designed § 2255(h)(2) to allow precisely these sorts of successive post-conviction motions. Garner nonetheless waived his right to attack his sentence collaterally under § 2255. All that matters is that the waiver is knowing; it need not be omniscient.

*Johnson*, it is also true, "is not a traditional case." *United States v. Stephens*, 651 F. App'x 445, 447 (6th Cir. 2016). But *Booker* was not a traditional case either. And yet *Bradley*

3

upheld a plea waiver that barred the defendant from raising a *Booker* challenge to the constitutionality of his sentence. *Bradley*, 400 F.3d at 460. The circuit courts uniformly agreed that appeal waivers barred later *Booker* challenges—whether anticipated or not. *See, e.g.*, *United States v. Bownes*, 405 F.3d 634, 636–37 (7th Cir. 2005); *United States v. Killgo*, 397 F.3d 628, 629 n.2 (8th Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005).

This court recently held, it is also true, that a defendant "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing," by "agree[ing] with a career-offender designation" in a plea agreement and sentencing memorandum. *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016); *see also United States v. Priddy*, 808 F.3d 676, 682 (6th Cir. 2015); *Stephens*, 651 F. App'x at 447. But the defendants in *McBride*, *Stephens*, and *Priddy* did not sign plea agreements with provisions waiving their appellate and collateral-review rights. *See Bradley v. United States*, No. 16-5231, at 4 (6th Cir. Aug. 17, 2016) (order). "The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant (and his attorney) may have." *Bradley*, 400 F.3d at 466. In exchange for his plea agreement *and* appeal waiver, the government agreed to "dismiss count one of the First Superseding Indictment," being a felon in possession of a firearm on an earlier occasion. R. 23 at 6. Best we can tell, all of the courts of appeals, save one, have followed the same path marked after *Booker*. They have enforced appeal waivers to bar *Johnson* claims, like *Booker* claims, because "[a]n intervening change in law does not render the appellate waiver unknowing or involuntary." *United States v. Agurs*, 629 F. App'x 288, 290 n.6 (3d Cir. 2015) (unpublished); *see United States v. Bey*, 825 F.3d 75, 83 (1st Cir. 2016) (enforcing appellate waiver to bar *Johnson* challenge); *United States v. Blackwell*, 651

F. App'x 8, 9–10 (2d Cir. 2016) (order) (same); *United States v. Ford*, 641 F. App'x 650, 651 (8th Cir. 2016) (per curiam) (same); *United States v. Hurtado*, No. 16-2021, 2016 WL 3410270, at *1 (10th Cir. June 17, 2016) (same); *see also United States v. Torres*, 828 F.3d 1113, 1124–25 (9th Cir. 2016) (allowing appeal when the waiver "preserv[ed] the right to appeal a determination that the [defendant] qualifies as an Armed Career Criminal"). Garner's "willingness . . . to waive his right to appeal" and to attack his sentence collaterally "binds him no less now than it did when he signed the agreement." *Bradley*, 400 F.3d at 466.

For these reasons, we deny Garner's motion.

DAMON J. KEITH, Circuit Judge, dissenting.

The United States Supreme Court has adopted the principle that, "[w]hen a court of appeals raises a procedural impediment to disposition on the merits, and disposes of the case on that ground, the district court's labor is discounted and the appellate court acts not as a court of review but as one of first view." *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012). The majority in this matter has disregarded this principle and acted as the court of first view. That is why I cannot join the majority in this unpublished decision.

This case is presented to this court following Mr. Garner's petition to file a second, successive habeas petition in accordance with 28 U.S.C. § 2244(b). It is true that Mr. Garner signed a plea agreement which purportedly waived his right to collaterally appeal his sentence. However, Mr. Garner argues that he did not knowingly and intelligently enter into the waiver that he signed. Additionally, Mr. Garner argues contractual defenses that he claims would otherwise invalidate the appeal waiver in his plea agreement.

The majority relies on this court's decision in *Bradley* to argue that Mr. Garner's petition should be dismissed on account of the waiver he signed in his plea agreement—despite the fact that Garner challenges the very validity of the waiver. However, *Bradley* was decided on direct appeal, not in a petition to file a second, successive petition. *See U.S. v. Bradley*, 400 F.3d 459, 460, 461 (6th Cir. 2005). This distinction is critical because this court's role at the second, successive petition stage is only to give permission to file—not to adjudicate—a second collateral challenge to a sentence. We grant second, successive petitions based simply on "a showing of possible merit sufficient to 'warrant a fuller exploration by the district court.'" *In re Watkins*, 810 F.3d 375, 379 (6th Cir. 2015) (quoting *In re Lott*, 366 F.3d 431, 432-433 (6th Cir. 2004)).

This court applies a "lenient" prima facie standard in the second, successive petition context. *In re Lott*, 366 F.3d at 433. Our "lenient" review at this stage is a vital protection for petitioners because the denial of a second, successive petition by this Court is not appealable and not subject to petitions for rehearing or a writ of certiorari. *Id.*; 28 U.S.C. § 2244(b)(3)(e). The lenient prima facie standard should have been applied here because, at this stage, we have no record or fact-finding on the circumstances surrounding Mr. Garner's collateral appeal waiver or his challenge thereto. Thus, while *Bradley* may be persuasive to suggest that a waiver of collateral appeal rights in plea agreement will generally be upheld as valid by the district court, that ultimate finding is for the district court to make.

While the majority cites a host of cases from other jurisdictions to support its claim that "all of the courts of appeals, save one, have followed the same path marked after *Booker* . . . [and] have enforced appeal waivers to bar *Johnson* claims," none of these holdings were made at the second, successive petition stage. For example, *United States v. Agurs*, 629 F. App'x 288 (3d Cir. 2015) was a direct appeal in which the defendant claimed that his plea was involuntary because he did not know about a case holding that *already existed* when he entered into the plea agreement. Additionally, *United States v. Bey*, 825 F.3d 75 (1st Cir. 2016) was a direct appeal in which Defendant did not challenge the validity of the waiver and there was no new Supreme Court case which would have affected his sentence. Likewise, *United States v. Blackwell*, No. 15-1031, 2016 WL 3190569 (2d Cir. 2016) (order) was a direct appeal decided by unpublished order. Similarly, *United States v. Ford*, 641 F. App'x 650 (8th Cir. 2016) was a direct appeal in which the waiver was enforced, but the defendant did not make any argument that the waiver was invalid. Further, *United States v. Hurtado*, No. 16-2021, 2016 WL 3410270 (10th Cir. June 17, 2016) was a direct appeal in which defendant conceded that the waiver barred appeal.

7

Finally, *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) was a direct appeal involving no argument challenging the validity of the waiver. However, the court in *Torres* nonetheless held that a possibly unconstitutional sentence under *Johnson would* necessarily render the waiver invalid. The Ninth Circuit stated the following:

> [b]ased on the Government's concession, we assume without deciding that *Johnson*'s holding nullifies § 4B1.2(a)(2)'s identically worded residual clause. We therefore accept the Government's concession that the district court sentenced Torres pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders Torres's sentence 'illegal,' and therefore the waiver in his plea agreement does not bar this appeal.

*Torres*, 828 F.3d at 1125. Altogether, the cases cited by the majority do not support the notion that a collateral appeal waiver in a plea agreement commands the denial of a second, successive petition brought in accordance with 28 U.S.C. § 2244(b) when the petitioner challenges the very validity of his or her waiver.

Rather, in the only instance in which this court has dismissed a second, successive petition on the basis of a collateral appeal waiver in a plea agreement, we stated that, "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack *when the substance of his claim challenges the very validity of the waiver itself.*" *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (emphasis added). Indeed, this court has frequently recognized that waivers can be invalid or inapplicable under a variety of theories similar to Mr. Garner's challenge on appeal. *See, e.g., United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016) (defendant "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing"); *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006) ("an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded"); *United States v. Amos*, 604 F. App'x 418, 422 (6th Cir.), *cert. denied*, 136 S. Ct. 114 (2015) ("we have yet to settle whether a district

court's error in determining a defendant to be an armed career criminal results in a supramaximal sentence, thereby barring an appeal waiver").

Because Mr. Garner, in the absence of a collateral appeal waiver, made a timely prima facie showing of relief in light of *Johnson* after being sentenced under an identical residual clause in USSG § 4B1.2(a)(2), and has challenged the validity of the collateral appeal waiver in his plea agreement, we should treat him like any other such petitioner and grant the petition to be held in abeyance until the Supreme Court rules on the issue in *Beckles*. *See In re Embry*, 831 F.3d 377, 382 (6th Cir. 2016); *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *3-4 (6th Cir. Aug. 12, 2016); *cf. In re Acosta*, 480 F.3d at 422. Whether Mr. Garner validly waived his collateral appeal rights in light of *Johnson* and the upcoming decision in *Beckles* is an issue for the district court.

For these reasons, I dissent.