*442 SUTTON, Circuit Judge.
Garland Dontrell Gamer, a federal prisoner represented by counsel, moves for authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Garner expressly waived his right to attack his sentence collaterally in his plea agreement, we reject the motion.
In 2013, Garner pleaded guilty to being a felon in possession of a firearm while on pretrial release. See 18 U.S.C. §§ 922(g)(1), 3147. The district court calculated Garner’s guidelines range based in part on its finding that his prior Michigan conviction for attempted assault with intent to commit great bodily harm less than murder was a “crime of violence” under U.S.S.G. § 4B1.2(a). See U.S.S.G. § 2K2.1(a)(l) & cmt. n.l. The court sentenced Garner to 110 months in prison. Garner appealed. We rejected his appeal after he acknowledged that he had waived his right to appeal in the plea agreement. He then sought relief under § 2255. Same result: He was not eligible for relief because he had waived the right to attack his sentence collaterally.
Garner now moves for authorization to file a second or successive motion to vacate. He argues that, in light of Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), he should not be subject to an increased offense level under § 2K2.1(a)(l) because his prior Michigan conviction for attempted assault with intent to commit great bodily harm less than murder no longer qualifies as a “crime of violence” under § 4B1.2(a). In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Id. at 2555, 2563. And we have held that the identical residual clause in § 4B1.2(a)(2)’s definition of “crime of violence” is also unconstitutionally vague. United States v. Pawlak, 822 F.3d 902, 903 (6th Cir. 2016).
We may authorize a movant to file a second or successive motion to vacate when the movant shows that his proposed claim relies on “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” 28 U.S.C. § 2255(h)(2); see In re Watkins, 810 F.3d 375, 379 (6th Cir. 2015). The Supreme Court has held that “Johnson announced a substantive rule that has retroactive effect in cases on collateral review.” Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016). In contrast, we do not yet know “whether [we should] treat Pawlak as a new rule that the Supreme Court has not yet made retroactive or as a rule dictated by Johnson that the Supreme Court has made retroactive.” In re Embry, 831 F.3d 377, 378 (6th Cir. 2016).
Regardless of the answer to that question, we must deny Garner’s motion for the same .reason he lost his direct appeal and his § 2255 action: Garner waived his right to challenge his sentence collaterally in his plea agreement.
A defendant’s waiver of his right to challenge his conviction and sentence under § 2255 is enforceable when it is entered into “knowingly, intelligently, and voluntarily.” Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); see In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007). In United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005), we held that “where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.” See also United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005). Garner, like the defendant in Bradley, expressly *443 “waive[d] the right to appeal his[ ] conviction or sentence on any grounds” and “knowingly and voluntarily waive[d] th[e] right ... to contest his[ ] conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255.” R. 23 at 7; see Bradley, 400 F.3d at 461. In making this waiver, he understood “that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions.” R. 23 at 7.
Had Garner predicted the outcome of Johnson, it is true, he might not have used his rights to challenge his sentence as bargaining chips in the plea negotiation. But Garner’s lack of clairvoyance cannot undo his decision to waive the right to attack his sentence collaterally. His “waiver[ ] of the right to appeal ... would amount to little if future changes in the law permitted the benefited party nonetheless to appeal.” Bradley, 400 F.3d at 465. And the Supreme Court made clear, many years before Garner pleaded guilty, that “[n]ew substantive rules,” such as Johnson, “generally apply retroactively.” Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). Congress designed § 2255(h)(2) to allow precisely these sorts of successive post-conviction motions. Garner nonetheless waived his right to attack his sentence collaterally under § 2255. All that matters is that the waiver is knowing; it need not be omniscient.
Johnson, it is also true, “is not a traditional case.” United States v. Stephens, 651 Fed.Appx. 445, 447 (6th Cir. 2016). But Booker was not a traditional case either. And yet Bradley upheld a plea waiver that barred the defendant from raising a Booker challenge to the constitutionality of his sentence. Bradley, 400 F.3d at 460. The circuit courts uniformly agreed that appeal waivers barred later Booker challenges— whether anticipated or not. See, e.g., United States v. Bownes, 405 F.3d 634, 636-37 (7th Cir. 2005); United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005).
This court recently held, it is also true, that a defendant “could not have intentionally relinquished a claim based on Johnson, which was decided after his sentencing,” by “agreeing] with a career-offender designation” in a plea agreement and sentencing memorandum. United States v. McBride, 826 F.3d 293, 295 (6th Cir. 2016); see also United States v. Priddy, 808 F.3d 676, 682 (6th Cir. 2015); Stephens, 651 Fed.Appx. at 447. But the defendants in McBride, Stephens, and Priddy did not sign plea agreements with provisions waiving their appellate and collateral-review rights. See Bradley v. United States, No. 16-5231, at 4 (6th Cir. Aug. 17, 2016) (order). “The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs— whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant (and his attorney) may have.” Bradley, 400 F.3d at 466. In exchange for his plea agreement and appeal waiver, the government agreed to “dismiss count one of the First Superseding Indictment,” being a felon in possession of a firearm on an earlier occasion. R. 23 at 6. Best we can tell, all of the courts of appeals, save one, have followed the same path marked after Booker. They have enforced appeal waivers to bar Johnson claims, like Booker claims, because “[a]n intervening change in law does not render the appellate waiver unknowing or involuntary.” United States v. Agurs, 629 Fed.Appx. 288, 290 n.6 (3d Cir. 2015) (unpublished); see United States v. Bey, 825 F.3d 75, 83 (1st Cir. 2016) (enforcing appellate waiver to bar Johnson *444 challenge); United States v. Blackwell, 651 Fed.Appx. 8, 9-10 (2d Cir. 2016) (order) (same); United States v. Ford, 641 Fed.Appx. 650, 651 (8th Cir. 2016) (per curiam) (same); United States v. Hurtado, — Fed.Appx. —, —, 2016 WL 3410270, at *1 (10th Cir. 2016) (same); see also United States v. Torres, 828 F.3d 1113, 1124-25 (9th Cir. 2016) (allowing appeal when the waiver “preserv[ed] the right to appeal a determination that the [defendant] qualifies as an Armed Career Criminal”). Garner’s “willingness ... to waive his right to appeal” and to attack his sentence collaterally “binds him no less now than it did when he signed the agreement.” Bradley, 400 F.3d at 466.
For these reasons, we deny Garner’s motion.