NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0487n.06

Case No. 15-5553

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Aug 22, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MICHAEL STEPHENS, aka Michael | ) | TENNESSEE |
| Williams, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. Michael Stephens received a career-offender guidelines enhancement in connection with his sentence for conspiracy to possess and distribute cocaine. On appeal, we upheld the enhancement on the basis of Stephens' prior convictions for aggravated burglary, Tenn. Code § 39-14-403, attempted aggravated burglary, *id.*, and felony drug possession. *United States v. Stephens*, 651 Fed. App'x 445 (6th Cir. 2016). Applying *United States v. Ozier*, 796 F.3d 597, 600–03 (6th Cir. 2015), we found Tennessee's aggravated burglary statute divisible. As a result, we looked to the facts of Stephens' prior conviction for attempted aggravated burglary to determine whether he had committed a generic form of the offense of "burglary of a dwelling." We found that he had. *Stephens*, 651 Fed. App'x at 448. Following *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court vacated this judgment and remanded for further consideration. In light of *Mathis* and our recent decision in *United States v. Stitt*,

860 F.3d 854, 857–59 (6th Cir. 2017) (en banc), we reverse our prior determination and remand

for resentencing, as both the government and Stephens agree is appropriate.